## WOODWARD v. GREGG.

The *entire* proceeds of fines for penal offences, without abatement for attorneys fees, to go into school fund.

### ERROR *to Muscatine District Court.*

*Opinion by* GREENE, J. This was a motion filed in the district court by Asa Gregg, school fund commissioner, of Muscatine county, for a rule upon W. G. Woodward, the prosecuting attorney, to pay over to said Gregg all monies in his hands, collected on fines for violating the criminal laws of the state. Woodward answered that he was entitled to the balance retained by him as fees allowed to the prosecuting attorney in criminal cases. It appears that he paid over all but the amount retained for his fees. The court decided that the attorney was not entitled to his fees out of funds thus received, and rendered judgment against him accordingly.

This decision is claimed to be erroneous; and reliance is placed on Art. 10, § 4, of the state constitution. It provides that " the clear proceeds of all fines collected in the several counties for any breach of the penal laws shall be exclusively applied, in the several counties in which such money is paid or fine collected, among the several school districts of said county." The twenty-second section of the common school law of 1847, appropriates the money paid for exemption from military duty, and the clear proceeds of all fines collected in the several counties for any breach of the penal laws, and all funds in the treasury arising from the sale of water crafts, lost goods, and estrays to the use of common schools in the county where they accrue. Laws of 1847, p. 131. The school law of 1849—see laws of that year p. 107 § 86—is in affirmance of the above appropriation, and further provides that the same shall " be paid

over, in cash, by the person collecting the same within twenty days after collection, to the school fund commissioner of the county in which the same shall have accrued," &c.    It is, perhaps, difficult to determine what is meant by the phrase "clear proceeds," of all fines; but we can by no means come to the conclusion that those clear proceeds can only be determined after deducting the fees of the attorney, in whose hands the funds may have been placed.    To authorize the declaration of such charges would, we think, do violence to the intention expressed in the constitution and laws upon that subject.    The constitution requires that the clear proceeds of all such fines "shall be *exclusively applied*" to school purposes.    It certainly would not be such exclusive application of those funds to pay from them the fees of prosecuting attorneys in criminal cases.    Those attorneys are required to attend to such cases by virtue of their office, and are entitled to compensation for their services from their respective counties—Laws of 1847, p. 42—and not from fines which may have been received in such cases.*    As ample remuneration is provided without recourse to those fines, there is no reason why they should be diverted from their legitimate object.

The framers of the constitution probably contemplated that fines might be made payable in county orders or state warrants, or that there might be a forfeiture of property as a fine for a breach of some penal laws, and therefore required that the clear proceeds of such should be applied to the several school districts.    And this inference is supported by the eighty-sixth section of the laws of 1849, which provides that such fines shall be paid over in cash. It was from this view, we think, that the term "clear proceeds" was incorporated in the constitution.    Considering the important object to which such proceeds are applied, we feel the more reluctance in subjecting them to charges which can only be sustained by remote implication.

The form of the proceeding is also objected to; but as we

can conceive of no injustice that can result from that manner of proceeding, and as the school fund commissioner is authorized by law to receive the funds, we must conclude that the court below decided correctly.

*Wm. G. Woodward*, pro. su.

*J. Butler*, for defendant.